[No. 6898.   Decided January 6, 1908.]

CHICAGO LUMBER & COAL COMPANY, *Appellant*, v. ANDREW
McCANN *et al.*, *Respondents.*[1]

SALES — PLACE OF DELIVERY — CONTRACTS — CONSTRUCTION.   An
.agreement whereby the seller of shingles in carload lots guaranteed
a fixed weight per thousand, paying the freight if in excess, and re-
ceiving what was saved if the actual weight were less, which ad-
justment was made after arrival of the car at its destination, does
not show that delivery was to be made at the point of destination,
where the buyer had control of the car after it was loaded.

Appeal from a judgment of the superior court for King
county, Tallman J., entered April 5, 1907, upon findings in
favor of the defendants, after a trial on the merits before
the court without a jury, dismissing an action on contract.
Affirmed.

*Shorett & Shorett*, for appellant.

*Smith & Cole*, for respondents.

Mount, J.—Appellant brought this action to recover from
respondents $206.70, alleged to have been paid to respondents
for a carload of shingles which were not delivered to appellant.
The respondents admitted the receipt of the money, but denied
that the shingles were not delivered to appellant.   The case
was tried to a court without a jury.   The only question in
the case was whether the shingles were delivered to appellant.
The trial court found that they were delivered, and entered a
judgment of dismissal.

It appears that respondents had been selling shingles to
appellant for some time, and delivering the same on cars of
the Northern Pacific Railway Company at Falls City, Wash-
ington; that when a car was loaded at that place, an invoice
thereof would be mailed to appellant's agent at Seattle.   By

[1]Reported in 93 Pac. 216.

reason of the fact that the railway company had no agent at Falls City, a bill of lading was issued by the railway agent at Preston, about five miles distant from Falls City, and a copy of the bill of lading was usually mailed by the railway agent to the appellant at Seattle, as consignor. Upon receipt of the invoice, the appellant would pay the purchase price of the shingles to respondents. There was an understanding between the appellant and respondents that one thousand shingles should have a fixed weight. If the actual weight were more than the fixed weight, the respondents would deduct from the price of the shingles the freight on the excess weight to the points where appellant destined the shingles. If the actual weight were less, the appellant would pay respondents the amount saved thereby on freight.

On March 24, 1905, at appellant's order, respondents loaded Northern Pacific car No. 2268 at Falls City, and directed the same by order of appellant to be shipped to Alliance, Nebraska, and requested the railway agent at Preston to send a copy of the bill of lading to appellant at Seattle. Respondents at the same time sent an invoice to the appellant at Seattle, whereupon appellant paid to respondents $206.70, the purchase price of the shingles. The railway agent at Preston by some mistake did not send the bill of lading to appellant. Appellant, however, assumed control of the car and, while the same was en route to Alliance, Nebraska, diverted the shipment to Endarka, Oklahoma. For some reason which does not clearly appear, the carload of shingles was lost to appellant. This action was brought to recover back from respondents the $206 paid for the shingles.

There is a direct conflict in the evidence as to whether the contract was for delivery on board the cars at Falls City, or at the point of destination of the car. Appellant argues, because the freight was subject to adjustment after the arrival of the car at its destination, that this fact shows that delivery was to be made at the point of destination of the car; but we

think this fact does not have the effect claimed for it. It is not claimed that respondents agreed to pay any part of the freight if the shingles weighed the fixed weight. If they weighed more than the fixed weight, respondents were to pay freight for the excess weight only. If the shingles weighed less, appellant was to pay to respondents the difference in the freight charges. This amounted simply to a guaranty of weight, nothing more, and did not, and was not intended to, fix the place of delivery. It is not claimed that this particular car weighed more or less than the guaranteed weight, or that the respondents had any control of the car or the shipment after the shingles were loaded on the car of the railway company. We are satisfied from an examination of all the evidence, which need not be stated here, that the contract was for delivery at Falls City, and that the trial court properly found that fact.

The judgment should therefore be affirmed.

HADLEY, C. J., CROW, and ROOT, JJ., concur.

RUDKIN and FULLERTON, JJ., took no part.